UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IBRAHIM KNIDEL,**<br>    Plaintiff<br><br>v.<br><br>**T.N.Z., INC., NOURIA ENERGY RETAIL, INC., NOURIA ENERGY CORPORATION, and ZIAD EL-NEMR,**<br>    Defendants. | Civ. Act. No. 14-40079-TSH |

**ORDER**
May 23, 2016

**Hillman, D.J.**

### Background

Ibrahim Knidel ("Knidel" or "Plaintiff") has filed suit against T.N.Z., Inc., Nouria Energy Retail, Inc., Nouria Energy Corporation, and Ziad El-Nemr ( collectively, "Defendants") alleging federal claims for violation of the Family and Medical Leave Act, 29 U.S.C. 2601, *et seq.*, the American with Disabilities Act, 42 U.S.C. § 12112, and Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Knidel also alleges state law claims for violation of the Massachusetts anti-discrimination statute, Mass. Gen. L. ch. 151B, §§4(4), 4(4A), and 4(16), Massachusetts Wage Law, Mass.Gen.L. ch. 149, §§100, 148.

Defendants have filed a motion for summary judgment (Docket No. 40) and, in accordance with this Court's Local Rule 56.1, has included *Defs' Concise Statement of Material Facts* (Docket No. 42)("Statement of Facts"). Knidel has filed *Pl's Response To Defs' Concise Statement of Material Facts* (Docket 51)("*Pl's Resp.*"). This Order addresses *Defs' Mot. To*

*Strike Portions Of Pl's Resp. To Defs' Statement Of Undisputed Material Facts and Pl's Mem. In Opp. To Defs' Mot. For Sum. J.* (Docket No. 55). For the reasons set forth below, that motion is *denied*.

## **Discussion**

Defendants seek to strike portions of Knidel's responses to over 55 of the factual assertions made in their Statement of Facts. More specifically, Defendants seek to strike all additional facts and explanations propounded by Knidel in his response (some of which are quite lengthy), even though in the first instance, he states that he does not dispute Defendants' factual assertion. For example, Defendants' factual assertion No. 2 reads: Plaintiff started working for T.N.Z. on February 11, 2009. *Statement of Facts*, at p. 1. Knidel's response: "No dispute Mr. Knidel began working on February 11, 2009." Rather than stop there, Knidel *inexplicably* continues: "Disputed to the extent Defendants are concluding Mr. Knidel did not work for Defendants Nouria Energy at that time. The Weekly Time Sheet, dated February 14, 2009, attached as Def. Ex. C, does not mention T.N.Z. anywhere, but instead states "Rt. 20 Shell." Plaintiff testified that he came to work for Shell gas station in 2009 when he met Ziad and his father. Ex. 1, Pl. Dep. at 17:13-16, 18:9-16. In February 2009, Ziad El-Nemr was an employee of T.N.Z. and his father, Fouad El-Nemr, was on payroll for Nouria. See Ex. 3, Fusco 30 (b)(6) Dep. at 208:24, 209:1-14." *Pl's. Resp.*, at p. 2. Defendants seek to strike from the word "Disputed" to the end of Knidel's reply statement.

In support, Defendants argue that the extraneous material is irrelevant and they disagree with many of the additional facts included by Knidel in such responses. They further argue that they have no ability to dispute the additional facts asserted by Knidel because LR., D.Mass. 56.1 does not provide for the moving party to file a response to the non-moving party's statement of

disputed facts.[1] Defendants also seek to strike Knidel's arguments in his reply memorandum which rely on his own reply statements. Knidel argues that his response complies with L.R., D.Mass. 56.1 and that Defendants can respond to any perceived inaccuracies in their reply brief.

I agree with the Defendants that Knidel's responses include a substantial amount of irrelevant facts and explanations-- Knidel's response to factual assertion No. 2 set forth above is a glaring example (there are many more). While I am inclined to strike such extraneous information, it would be a waste of Court resources to parse through each of the contested responses. For that reason, I am denying Defendants' motion to strike. Instead, I will follow my usual practice which is to give little to no consideration to extraneous factual and legal assertions propounded by either party. Moreover, any party who relies on such information to support their position, does so at their own risk.

## Conclusion

Defs' Mot. To Strike Portions Of Pl's Resp. To Defs' Statement Of Undisputed Material Facts and Pl's Mem. In Opp. To Defs' Mot. For Sum. J. (Docket No. 55) is **_denied_**.

Defendants shall file their reply brief on or before June 10, 2016.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE

---

[1] While this is technically true, to the extent that the non-moving party asserts additional new facts rather than disputing facts, the Court, while not encouraging such a filing, will generally permit the moving party to file a reply statement of facts.